CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 10 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOYCE ANN REYNOLDS, </br> Plaintiff, | Civil Action No. 7:10cv00221 |
| v. | MEMORANDUM OPINION |
| MAJOR FRAME, et al., </br> Defendants. | By: Samuel G. Wilson </br> United States District Judge |

Plaintiff, Joyce Ann Reynolds, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. §1983, alleging that the defendants subjected her to cruel and unusual punishment by making Reynolds and others wait to use the restroom for an unspecified period of time. The court finds that Reynolds' allegations fail to rise to the level of a constitutional violation, and therefore, dismisses her complaint.

**I.**

Reynolds initially filed this action in the Eastern District of Virginia and the court conditionally filed the action directing Reynolds to file and amended complaint which particularized the facts of her amended complaint. The court warned Reynolds that "[t]he particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the original pleading." In response, Reynolds filed an amended complaint. Thereafter, the United States District Court for the Eastern District of Virginia transferred this case to this court because the conduct complained of occurred in this district. Upon review of Reynolds' amended complaint, the court finds that Reynolds has failed a state a claim of constitutional magnitude and therefore, dismisses her complaint.

Reynolds alleges that on one occasion, while housed at Fluvanna Correctional Center for Women, she rang the intercom to indicate that she needed to use the restroom. She claims that

Officer Crouch, who was "doing rounds in the building," instructed Officer Lewis to not let anyone out to use the restroom. Reynolds then rang her intercom again and asked to see Sergeant Goode, who was on duty at the time. After being told that he was unavailable, Reynolds continued to keep ringing the intercom because she needed to use the restroom and she was not receiving a response. At some point thereafter, Officer Matthews came from another building to the building that Reynolds was in and told Officer Lewis to open the doors so that everyone could use the restroom. Apparently Officer Lewis followed Officer Matthew's instruction and Reynolds was able to use the restroom at that time. Sergeants Godlewski and Goode then entered the building and asked why the inmates were out of their rooms. Reynolds alleges that Officer Matthews explained the situation and Sergeant Godlewski "got infuriated" and stated that the inmates would not be let out of their rooms to use the restroom like that again. Reynolds argues that "[t]his situation occurred because Ms. B.J. Wheeler and Michael Frame ordered that medical take away all Medical Profiles and instat[e] the policy that only [Reynolds] or [her] roommate may use the restroom when the door is opened for the restroom." Reynolds does not indicate how long she had to wait to use the restroom.

## II.

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishment" of those convicted of crimes. Wilson v. Seiter, 501 U.S. 294 (1991) (citing Robinson v. California, 370 U.S. 660, 666 (1962)). In Wilson, the Court identified two elements necessary to support an Eighth Amendment claim challenging prison conditions: first, an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and second, a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. Id. To meet the objective element, a plaintiff must allege facts sufficient to show either that he has sustained a serious or

significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

The court finds that Reynolds' allegation that she had to wait to use the restroom on one occasion for an unspecified period of time is insufficient to rise to the level of a constitutional claim. Moreover, Reynolds has not alleged any injury or risk of future injury as a result of having to wait to use the restroom. Accordingly, the court finds that Reynolds' allegation fails to state a claim under the Eighth Amendment.

**ENTER:** This *10th* day of June, 2010.

_____
United States District Judge